___ FILED   ✓ LODGED
___ RECEIVED ___ COPY

**JUN 3 0 2016**

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

✓ FILED   ___ LODGED
___ RECEIVED ___ COPY

**NOV 0 4 2016**

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

JOHN S. LEONARDO
United States Attorney
District of Arizona
CHRISTINE D. KELLER
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
christine.keller@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-15-8227-PCT-SPL (JZB) |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Eric Michael Powers, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, Eric Michael Powers, hereby agree to dispose of this matter on the following terms and conditions:

**1.   PLEA**

The defendant will plead guilty to Counts 3 and 4 of the Indictment, False Statement During Purchase of a Firearm, in violation of 18 United States Code (U.S.C.) §§ 924(a)(1)(A), a Class D felony offense, and consents to the administrative forfeiture of the property identified in the forfeiture allegations of the Indictment.

**2.   MAXIMUM PENALTIES**

a.   A violation of 18 U.S.C. §§ 924(a)(1)(A) is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 5 years, or both, a term of probation of not less than one year and not more than five years, and a term of supervised release of not more than three years.

b.   According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:



1        (1)     make restitution to any victim of the offense pursuant to 18 U.S.C. §

2  3663 and/or 3663A, unless the Court determines that restitution would not be

3  appropriate;

4        (2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a

5  fine is not appropriate;

6        (3)     serve a term of supervised release when required by statute or when

7  a sentence of imprisonment of more than one year is imposed (with the understanding

8  that the Court may impose a term of supervised release in all other cases); and

9        (4)     pay upon conviction a $100 special assessment for each count to

10  which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

11      c.     The Court is required to consider the Sentencing Guidelines in determining

12  the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the

13  Court is free to exercise its discretion to impose any reasonable sentence up to the

14  maximum set by statute for the crime(s) of conviction, unless there are stipulations to the

15  contrary that the Court accepts.

16  **3.**     **<u>AGREEMENTS REGARDING SENTENCING</u>**

17      a.     <u>Stipulation</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and

18  the defendant stipulate that the defendant shall be sentenced to a term of supervised

19  probation.

20      b.     <u>Non-Binding Recommendations</u>.    The defendant understands that

21  recommendations are not binding on the Court.  The defendant further understands that

22  the defendant will not be permitted to withdraw the guilty plea if the Court does not

23  follow a recommendation.

24      c.     <u>Acceptance of Responsibility</u>.  If the defendant makes full and complete

25  disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's

26  commission of the offense, and if the defendant demonstrates an acceptance of

27  responsibility for this offense up to and including the time of sentencing, the United

28  States will recommend a two-level reduction in the applicable Sentencing Guidelines

1  offense level pursuant to U.S.S.G.§ 3E1.1(a).  If the defendant has an offense level of 16

2  or more, the United States will recommend an additional one-level reduction in the

3  applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

4        d.   <u>Assets and Financial Responsibility</u>.  The defendant shall make a full

5  accounting of all assets in which the defendant has any legal or equitable interest.  The

6  defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend,

7  or transfer any such assets or property before sentencing, without the prior approval of

8  the United States (provided, however, that no prior approval will be required for routine,

9  day-to-day expenditures).  The defendant also expressly authorizes the United States

10  Attorney's Office to immediately obtain a credit report as to the defendant in order to

11  evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

12  The defendant also shall make full disclosure of all current and projected assets to the

13  U.S. Probation Office immediately and prior to the termination of the defendant's

14  supervised release or probation, such disclosures to be shared with the U.S. Attorney's

15  Office, including the Financial Litigation Unit, for any purpose.  Finally, the defendant

16  shall participate in the Inmate Financial Responsibility Program to fulfill all financial

17  obligations due and owing under this agreement and the law.

18  **4.**   **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

19        a.   Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of

20  sentencing, shall dismiss the following charges: Counts 1, 2 and 5, as well as the

21  forfeiture allegations contained in the Indictment.

22        b.   The United States Bureau of Alcohol, Tobacco, Firearms and Explosives

23  ("ATF") will not submit this matter to any California-based prosecutorial body to seek

24  state charges stemming from the defendant's prohibited possession of the firearms listed

25  in the Indictment.

26        c.   This agreement does not, in any manner, restrict the actions of the United

27  States in any other district or bind any other United States Attorney's Office.

28

**5.**   **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.   If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.   If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.**   **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel.

- 4 -

1   This waiver shall not be construed to bar an otherwise-preserved claim of ineffective

2   assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section

3   II.B of Ariz. Ethics Op. 15-01 (2015)).

4   **7.    DISCLOSURE OF INFORMATION**

5        a.    The United States retains the unrestricted right to provide information and

6   make any and all statements it deems appropriate to the U.S. Probation Office and to the

7   Court in connection with the case.

8        b.    Any information, statements, documents, and evidence that the defendant

9   provides to the United States pursuant to this agreement may be used against the

10   defendant at any time.

11        c.    The defendant shall cooperate fully with the U.S. Probation Office.  Such

12   cooperation shall include providing complete and truthful responses to questions posed

13   by the U.S. Probation Office including, but not limited to, questions relating to:

14            (1)    criminal convictions, history of drug abuse, and mental illness; and

15            (2)    financial information, including present financial assets or liabilities

16   that relate to the ability of the defendant to pay a fine or restitution.

17   **8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

18        a.    Nothing in this agreement shall be construed to protect the defendant from

19   administrative or civil forfeiture proceedings or prohibit the United States from

20   proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. §

21   3613, all monetary penalties, including restitution imposed by the Court, shall be due

22   immediately upon judgment, shall be subject to immediate enforcement by the United

23   States, and shall be submitted to the Treasury Offset Program so that any federal payment

24   or transfer of returned property the defendant receives may be offset and applied to

25   federal debts (which offset will not affect the periodic payment schedule).  If the Court

26   imposes a schedule of payments, the schedule of payments shall be merely a schedule of

27   minimum payments and shall not be a limitation on the methods available to the United

28   States to enforce the judgment.

b.     The defendant acknowledges that the ATF administratively forfeited the following (collectively "the firearms"):

    (1)     One (1) Springfield, Model XD-9, 9mm caliber, semi-automatic pistol, serial number MG795818;

    (2)     One (1) Springfield, Model Operator, .45 caliber, semi-automatic pistol, serial number LW123588;

    (3)     One (1) Springfield, Model XD-45, .45 caliber, semi-automatic pistol, serial number MG635404;

    (4)     One (1) Springfield, Model XD, 9mm caliber, semi-automatic pistol, serial number GM911475;

    (5)     One (1) Daniel Defense, Model M4A1, .5.56 caliber, semi-automatic rifle, serial number DD023927C;

    (6)     One (1) Larue Tactical, Model LT15, 5.56 caliber, semi-automatic rifle, serial number LTS3755; and

    (7)     One (1) D&L Sports, Model CQB, 5.56 caliber, semi-automatic rifle, serial number N00036.

c.     The defendant further agrees that the firearms are subject to forfeiture, that ATF validly forfeited the firearms administratively, and that he will not challenge or appeal ATF's administrative forfeiture of the firearms. Defendant waives all interest in the firearms in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.

d.     Administrative forfeiture of the firearms shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant. This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

e.     The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means)

1    to the administrative forfeiture of the firearms based upon the course of conduct that

2    provides the factual basis for the forfeiture, including that the forfeiture constitutes an

3    excessive fine or punishment.   Defendant acknowledges that the firearms are subject to

4    forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and

5    substitute assets for property otherwise subject to forfeiture, and that no other person or

6    entity has a legitimate claim to these items listed.

7        f.      The defendant agrees not to file a claim to any of the listed property in any

8    civil proceeding, administrative or judicial, which may be initiated.   The defendant

9    further agrees that he/she will not contest civil, administrative or judicial forfeiture of the

10   listed property.   The defendant agrees to waive his right to notice of any forfeiture

11   proceeding involving this property, and agrees not to file a claim or assist others in filing

12   a claim in that forfeiture proceeding.

13       g.      The government reserves its right to proceed against any remaining assets

14   not identified either in this agreement or in any civil actions which are being resolved

15   along with this plea of guilty, including any property in which the defendant has any

16   interest or control, if said assets, real or personal, tangible or intangible were involved in

17   the offense(s).

18       h.      The defendant hereby waives, and agrees to hold the government and its

19   agents and employees harmless from any and all claims whatsoever in connection with

20   the seizure, forfeiture, and disposal of the property described above.   Without limitation,

21   the defendant understands and agrees that by virtue of this plea of guilty, the defendant

22   will waive any rights or cause of action that the defendant might otherwise have had to

23   claim that he is a "substantially prevailing party" for the purpose of recovery of attorney

24   fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28

25   U.S.C. § 2465(b)(1).

26   //

27   //

28

- 7 -

9.    **ELEMENTS**

### False Statement During Purchase of a Firearm

On or about November 24, 2014, and on or about January 8, 2015, in the District of Arizona:

    1.    In connection with the acquisition of one or more firearms;

    2.    The defendant knowingly made a false statement or representation to a federally licensed firearms dealer; and

    3.    The false statement or representation pertained to information that the law requires the licensed dealer to keep within its records.

10.   **FACTUAL BASIS**

    a.    The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

    b.    On or about November 24, 2014, the defendant purchased three firearms from Lendie's Pawn, a federally licensed firearms dealer, in Bullhead City, Arizona. The firearms consisted of: (1) a Springfield, Model XD-9, 9mm caliber, semi-automatic pistol, serial number MG795818; (2) a Springfield, Model Operator, .45 caliber, semi-automatic pistol, serial number LW123588; and (3) a Springfield, Model XD-45, .45 caliber, semi-automatic pistol, serial number MG635404. In support of his purchase, the defendant executed an ATF Form 4473, Firearms Transfer Record, stating that his current residence was in Mesa, Arizona, and provided an Arizona identification card with that address in support of his residence.

On or about January 8, 2015, the defendant returned to Lendie's Pawn to purchase four additional firearms: (1) a Springfield, Model XD, 9mm caliber, semi-automatic pistol, serial number GM911475; (2) a Daniel Defense, Model M4A1, .5.56 caliber, semi-automatic rifle, serial number DD023927C; (3) a Larue Tactical, Model LT15, 5.56 caliber, semi-automatic rifle, serial number LTS3755; and (4) a D&L Sports, Model CQB, 5.56 caliber, semi-automatic rifle, serial number N00036. In support of this

1   purchase, the defendant again executed an ATF Form 4473 stating that his current

2   residence was in Mesa, Arizona, and provided an Arizona identification card with that

3   address in support of his residence.

4       Information contained in executed ATF Form 4473s, including the current

5   residence of the purchaser, is information Lendie's Pawn was required to keep within its

6   records pursuant to federal law.  On both ATF Form 4473s, the defendant knowingly

7   misrepresented his current address as being in Mesa, Arizona, and provided his Arizona

8   identification card to assist with that misrepresentation.  In fact, at all times relevant, the

9   defendant's actual residence was in Santa Barbara, California. The defendant purchased

10  the firearms in Arizona, and misrepresented his current address as being in Arizona,

11  because he knew it was illegal to possess the subject firearms in California.  All of the

12  subject firearms were ultimately found in the defendant's custody within the state of

13  California, and the defendant admitted that he transported the firearms from Arizona to

14  California after purchasing them.

15      c.    The defendant shall swear under oath to the accuracy of this statement and,

16  if the defendant should be called upon to testify about this matter in the future, any

17  intentional material inconsistencies in the defendant's testimony may subject the

18  defendant to additional penalties for perjury or false swearing, which may be enforced by

19  the United States under this agreement.

20      **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

21      I have read the entire plea agreement with the assistance of my counsel as

22  necessary. I understand each of its provisions and I voluntarily agree to it.

23      I have discussed the case and my constitutional and other rights with my counsel.

24  I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

25  to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

26  present evidence in my defense, to remain silent and refuse to be a witness against myself

27  by asserting my privilege against self-incrimination, all with the assistance of counsel,

28  and to be presumed innocent until proven guilty beyond a reasonable doubt.

- 9 -

1    I agree to enter my guilty plea as indicated above on the terms and conditions set
2    forth in this agreement.

3    I have been advised of and understand the nature of the charges to which I am
4    entering my guilty plea.  I have further been advised of and understand the nature and
5    range of the possible sentence and that my ultimate sentence shall be determined by the
6    Court after consideration of the advisory Sentencing Guidelines.

7    My guilty plea is not the result of force, threats, assurances, or promises, other
8    than the promises contained in this agreement.  I voluntarily agree to the provisions of
9    this agreement and I agree to be bound according to its provisions.

10    I understand that if I am granted probation or placed on supervised release by the
11    Court, the terms and conditions of such probation/supervised release are subject to
12    modification at any time. I further understand that if I violate any of the conditions of my
13    probation/supervised release, my probation/supervised release may be revoked and upon
14    such revocation, notwithstanding any other provision of this agreement, I may be
15    required to serve a term of imprisonment or my sentence otherwise may be altered.

16    This written plea agreement, and any written addenda filed as attachments to this
17    plea agreement, contain all the terms and conditions of the plea.   Any additional
18    agreements, if any such agreements exist, shall be recorded in a separate document and
19    may be filed with the Court under seal; accordingly, additional agreements, if any, may
20    not be in the public record.

21    I further agree that promises, including any predictions as to the Sentencing
22    Guideline range or to any Sentencing Guideline factors that will apply, made by anyone
23    (including my attorney) that are not contained within this written plea agreement, are null
24    and void and have no force and effect.

25    I am satisfied that my defense attorney has represented me in a competent manner.

26    I fully understand the terms and conditions of this plea agreement.  I am not now
27    using or under the influence of any drug, medication, liquor, or other intoxicant or

28

depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

Date  9/80/15

ERIC MICHAEL POWERS
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

Date  9/80/15

Larry M. Bakman
Attorney for Defendant

//
//
//
//
//
//

- 11 -

1

## **APPROVAL OF THE UNITED STATES**

2        I have reviewed this matter and the plea agreement.  I agree on behalf of the

3    United States that the terms and conditions set forth herein are appropriate and are in the

4    best interests of justice.

5

6                                                  JOHN S. LEONARDO
                                                   United States Attorney
7                                                  District of Arizona

8    _____          _____
     Date                                           CHRISTINE D. KELLER
9                                                  Assistant U.S. Attorney

10

11

12                          **ACCEPTANCE BY THE COURT**

13

14   _____          _____
     Date                                           THE HONORABLE STEVEN P. LOGAN
15                                                 United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28